UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

GILBERTO LERMA-PLATA,

Defendant.

Criminal No. 11-238-01 (CKK)

**MEMORANDUM OPINION**
(July 29, 2019)

Presently before the Court is Defendant Gilberto Lerma-Plata's [83] Motion for Sentencing Reduction Pursuant to 18 U.S.C. § 3582(c) ("Def.'s Motion") (docketed as "Retroactivity Prep Documents"), which the Government opposes in its [91] Opposition to Defendant's Motion Regarding Re-Sentencing ("Govt's Opposition"). Defendant Gilberto Lerma-Plata ("Defendant" or "Mr. Lerma-Plata") filed a [93] Reply to the Government's Opposition ("Def.'s Reply"), and the motion is ripe for consideration by this Court. Defendant requests that the Court modify or reduce his sentence based on § 3582(c) and Amendments 782 and 788 to the United States Sentencing Guidelines ("U.S.S.G."), which retroactively reduced by two levels the offense levels assigned to certain drug offenses. Upon consideration of the pleadings, the relevant legal authorities, and the record as a whole, the Court has determined that it shall DENY Defendant's [83] Motion for Sentencing Reduction Pursuant to 18 U.S.C. § 3582(c) for the reasons described herein.

**I.    BACKGROUND**

Mr. Lerma-Plata was charged by indictment with one count of conspiracy to distribute 5 kilograms or more of cocaine and with one count of conspiracy to distribute 1,000 kilograms or

1

more of marijuana for importation into the United States, in violation of 21 U.S.C. §§ 959, 960, 963 and 18 U.S.C. § 2 (Aiding and Abetting). Indictment, ECF No. [3]. On March 1, 2013, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Mr. Lerma-Plata pled guilty to one count of conspiracy to distribute 1,000 kilograms or more of marijuana knowing or intending that the marijuana would be imported into the United States unlawfully, in violation of 21 U.S.C. §§ 959, 960, and 963 and 18 U.S.C. § 2. *See* Plea Agmt., ECF No. [45]. Pursuant to the terms of the plea agreement, the parties agreed that the appropriate sentence of imprisonment should be 151 months. After conducting a plea hearing, the Court accepted the plea agreement, and, on October 24, 2013, this Court sentenced Mr. Lerma-Plata to a term of 151 months imprisonment with credit for time served. Judgment, ECF No. [75]. Mr. Lerma-Plata did not appeal his sentence and conviction and currently is serving the term of imprisonment.

In 2014, the United States Sentencing Commission issued Amendment 782, which retroactively reduced the offense level for certain drug trafficking offenses. *See* U.S.S.G. app. C, amend. 782 (2014). In light of Amendment 782, Mr. Lerma-Plata filed this Motion for Sentencing Reduction Pursuant to 18 U.S.C. § 3582(c) which is presently before the Court. The instant motion was referred to the United States Probation Office for the District of Columbia (the "Probation Office") for a recalculation of Mr. Lerma-Plata's offense level and criminal history category based on Amendment 782. The Probation Office filed a Memorandum providing the Court with revised guideline calculations. *See* Prob. Mem., ECF No. [85]. Specifically, the Probation Office explained that Mr. Lerma-Plata was treated as an offender with a total offense level of 34 and a criminal history category of I at the time of his original sentencing. *Id.* The imprisonment range under the guidelines was 151 to 188 months. *Id.* Applying the two-level reduction based on Amendment 782, the Probation Office found that Mr. Lerma-Plata could now be treated as an offender with a

total offense level of 32 and a criminal history category of I. *Id.* The imprisonment range under the revised guidelines is 121 to 151 months, which is a difference of 30 to 37 months from the original calculations. *Id.* As such, this Court needs to determine (1) whether or not Mr. Lerma-Plata is eligible for a sentencing reduction, and (2) whether or not the Court should exercise its discretion to reduce Lerma-Plata's 151-month term of imprisonment under his original sentence to a term of not less than 121 months based on the revised guidelines.

## II. DISCUSSION

Generally, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 819, 130 S. Ct. 2683, 177 L.Ed.2d 271 (2010). However, section 3582(c) of Title 18 of the United States Code provides three exceptions to this general rule. Specifically, the Court is authorized to modify a term of imprisonment once imposed only under one of these circumstances: (1) upon motion by the Director of the Bureau of Prisons; (2) when expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) where the applicable sentencing guideline range has been retroactively lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)-(2). Only the third scenario is at issue in this case, 18 U.S.C. § 3582(c)(1)-(2).

In determining whether a sentence reduction is warranted under 18 U.S.C. § 3582, this Court analyzes a defendant's motion under a two-step inquiry, as set forth in *Dillon v. United States*, 560 U.S. 817 (2010). The Court must determine (1) if Mr. Lerma-Plata is eligible for a sentence reduction under § 3582(c)(2), and if so (2) whether or not a reduction is warranted in consideration of the factors set out in 18 U.S.C. § 3553(a). *Dillon*, 560 U.S. at 827.

Pursuant to 18 U.S.C. § 3582(c), courts may reduce a term of imprisonment:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been

3

> lowered by the Sentencing Commission … the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relevant policy statement is section 1B1.10 of the sentencing guidelines, which provides that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range …." U.S.S.G. § 1B1.10(b)(2)(A). Even if a sentence was a result of a Rule 11(c)(1)(C) plea agreement, a defendant may be eligible for a sentence reduction if the sentence was based on a Guideline range. *United States v. Epps*, 707 F.3d 337, 351 (D.C. Cir. 2017).

Pursuant to § 3582(c)(2), the first step is determining if Mr. Lerma-Plata's sentence is based on a sentencing range that was subsequently lowered by the Sentencing Commission. A Rule 11(c) agreement is based on a guideline range "so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Hughes v. United States*, 138 S. Ct. 1765, 1775 (2018). At Mr. Lerma-Plata's sentencing hearing and in accepting the plea agreement, this Court referenced the sentencing guidelines. At the sentencing hearing, the Court determined that Mr. Lerma-Plata's base offense level was 32. Gov't. Ex. 1 at p. 87 ¶¶ 8-10 (Sentencing Transcript). The Court added a two-level increase because Mr. Lerma-Plata possessed a dangerous weapon in connection with the conspiracy, as well as a two-level increase for abuse of a position of trust because Mr. Lerma-Plata's position as a police commander facilitated his role in the conspiracy. However, the Court decreased Mr. Lerma-Plata's offense level by two levels because he accepted responsibility for his offense. Mr. Lerma-Plata had a Category I criminal history, resulting in a total offense level of 34. At the time the Guideline

range was 151-188 months. As such, Mr. Lerma-Plata's sentence was based on the Guideline range.

The sentence must also have been one in which the Guideline range has subsequently been lowered. As indicated by the Probation Office's Memorandum, Mr. Lerma-Plata's original offense level was 34, which resulted in a sentencing range of 151 to 188 months. *See* Prob. Mem., ECF No. [85]. As a result of Amendment 782, Mr. Lerma-Plata's offense level is now 32, and the sentencing range is 121 to 151 months. *Id.* As such, Mr. Lerma-Plata is eligible for a sentencing reduction because his original sentence was based on a Guideline range that has subsequently been reduced.

However, despite Mr. Lerma-Plata's eligibility, a sentencing reduction is unwarranted in consideration of the § 3553(a) factors. Once the Court has determined that a defendant is eligible for a sentencing reduction, the Court has the discretion to implement the requested sentence reduction but is not required to do so. *See Freeman v. United States*, 564 U.S. 522, 131 S. Ct. 2685, 2694, 180 L.E.2d 519 (2011); *In re Sealed Case*, 722 F.3d 361, 370 (D.C. Cir. 2013). Pursuant to § 3553(a), the Court must consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed," "the kinds of sentences available," "the kinds of sentence and the sentencing range established" by the guidelines, "any pertinent policy statement" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1)-(7). Pursuant to § 1B1.10, the Court may also consider the defendant's post-conviction conduct.

The first § 3553(a) factor, the "nature and circumstances of the offense, and the history and characteristics of the defendant," weighs strongly in favor of denying Mr. Lerma-Plata's request

for a sentencing reduction. Mr. Lerma-Plata was a police commander in Mexico who was on the payroll of the Gulf Cartel, a violent organization which is known for trafficking cocaine and marijuana from Mexico into Texas. Gov't. Ex. 1, 42 ¶¶ 5-10; 43 ¶¶ 13-23; 37 ¶¶ 15-21 (Sentencing Transcript). Mr. Lerma-Plata used his role in law enforcement to alert the cartel about law enforcement activities, and he ignored the cartel's operation, therefore allowing the cartel to flourish. *Id.* at 40 ¶¶ 2-18. He also was involved in protecting plaza bosses, regional cartel leaders, and at least intended to provide the cartel with various types of dangerous weapons, including AR-15 rifles and AK-47 rifles. *Id.* at 40 ¶¶ 2-5; Gov't. Ex. 2, ¶¶ 15-16 (Wiretap Transcript). Mr. Lerma-Plata urges the Court to distinguish his case from those in *United States v. Galaviz*, 183 F. Supp. 3d 103 (D.D.C. 2013), and *United States v. Cook*, 292 F. Supp. 3d 1 (D.D.C. 2017), because he was "one of several lower level participants who suppled primarily information to a large drug conspiracy." Def.'s Reply ¶ 4. However, while Mr. Lerma-Plata may not have been a high-ranking leader in the Gulf Cartel, as a police commander, he held a position of authority and trust which he abused by being intrinsically involved in a violent drug cartel. Further, Mr. Lerma-Plata was involved in discussions with high-ranking cartel leaders and was introduced to a plaza boss by another leader as being "one of us" and was even given a Christmas bonus for his services. Gov't. Ex. 1, 47 ¶¶ 11-20; 29 ¶¶ 13-16, 20-22. As such, the nature and circumstances of Mr. Lerma-Plata's offense, as well as his history and characteristics, strongly support denying a sentencing reduction.

The second § 3553(a) factor, "the need for the sentence imposed" also weighs in favor of denying a sentencing reduction. During the plea, Mr. Lerma-Plata and the Government agreed that 151 months was an appropriate sentence to reflect the seriousness of the offense. *See* Plea Agmt., ECF No. [45]. At sentencing, the Court agreed and accepted the 151-month sentence. Judgment,

ECF No. [75]. Mr. Lerma-Plata's drug offenses alone are serious, but when added to the fact that he abused a position of trust, they are even more serious. Drugs are destructive to the community, families, and individuals, particularly when one is using a position of authority to enable their trafficking. As such, the second factor does not support reducing Mr. Lerma-Plata's sentence.

Denying a reduction of Mr. Lerma-Plata's sentence would not lead to disparities among similarly situated defendants. At the time of his sentencing, Mr. Lerma-Plata's 151-month sentence fell within the appropriate Guideline range, 151 to 188 months, but now the appropriate range is 121 to 151 months. *See* Prob. Mem., ECF No. [85]. Mr. Lerma-Plata's 151-month sentence still falls within the Guideline range for his offense level and criminal history. Because Mr. Lerma-Plata's current sentence is still within the Guideline range, his sentence would not create any disparities. Accordingly, this consideration supports denying the sentencing reduction.

Pursuant to § 1B1.10, the Court is permitted to consider the defendant's post-conviction conduct in determining whether or not to reduce his sentence. The Court commends Mr. Lerma-Plata for his behavior throughout his imprisonment. He has a clean conduct record, is currently employed as a prison orderly, and has taken over 40 courses since 2014. Def.'s Motion ¶¶ 8, 11; Def.'s Reply ¶ 3. The Court encourages Mr. Lerma-Plata to continue his exemplary behavior. However, while Mr. Lerma-Plata has shown a commitment to changing his life, the nature and circumstances of his offense alone are severe enough to outweigh his post-sentencing conduct. Accordingly, in an exercise of its discretion, after weighing the § 3553(a) factors, this Court shall deny Mr. Lerma-Plata's [83] Motion for Sentencing Reduction Pursuant to 18 U.S.C. § 3582(c).

### III. CONCLUSION

Upon review of the record in this case and for the reasons described above, in an exercise of its discretion, the Court declines to reduce Mr. Lerma-Plata's original sentence of 151 months

of imprisonment. Accordingly, the Court shall DENY Lerma-Plata's [83] Motion for Sentencing Reduction Pursuant to 18 U.S.C. § 3582(c) and Amendments 782 and 783 to the United States Sentencing Guidelines.

An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE